**ORIGINAL**
**F I L E D**

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
MELISSA A. WURSTER (SBN 198899)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Pkwy., Suite 480
Redwood City, CA 94065
Telephone: 650.637-9100
Facsimile: 650.637-8071

E-Filing

Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3886 MEJ

| | |
|---|---|
| CHARLEEN WIGNALL, CHARLES EWING and EDWARD EWING, | CASE NO. |
| Plaintiff, | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441 [DIVERSITY JURISDICTION] |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 50, | NAPA COUNTY SUPERIOR COURT, Case Number 26-36569 |
| Defendants. | DEMAND FOR JURY TRIAL |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the civil state action described below:

1.    State Farm is a defendant in the civil action commenced on February 6, 2007 in the Superior Court of the State of California, County of Napa, Case No. 26-36569, entitled <u>Wignall et al. v. State Farm Mutual Insurance Company</u> (hereinafter "State Court Action").

2.    On June 27, 2007, State Farm was provided with a copy of the Complaint, which was enclosed with a letter dated June 21, 2007 and mailed to State Farm in Bloomington, Illinois. A true and correct copy of the Summons and Complaint is attached hereto as <u>Exhibit "1"</u> and is

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  MELISSA A. WURSTER (SBN 198899)
   **HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone:  650.637-9100
   Facsimile:  650.637-8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
7
8            IN THE UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA

10  CHARLEEN WIGNALL, CHARLES EWING        CASE NO.
    and EDWARD EWING,
11                                          **STATE FARM MUTUAL AUTOMOBILE**
                                            **INSURANCE COMPANY'S NOTICE OF**
12              Plaintiff,                  **REMOVAL OF CIVIL ACTION UNDER**
                                            **28 U.S.C. SECTIONS 1332 AND 1441**
13       v.                                 **[DIVERSITY JURISDICTION]**
14  STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY; and DOES 1          NAPA COUNTY SUPERIOR COURT,
15  through 50,                            Case Number 26-36569
16              Defendants.
17                                          **DEMAND FOR JURY TRIAL**
18
19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20      PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE

21  INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the civil state

22  action described below:

23      1.  State Farm is a defendant in the civil action commenced on February 6, 2007 in the

24  Superior Court of the State of California, County of Napa, Case No. 26-36569, entitled Wignall _et_

25  _al._ v. State Farm Mutual Insurance Company (hereinafter "State Court Action").

26      2.  On June 27, 2007, State Farm was provided with a copy of the Complaint, which was

27  enclosed with a letter dated June 21, 2007 and mailed to State Farm in Bloomington, Illinois.  A

28  true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "1"** and is

142621                           -1-

1  incorporated as part of this Notice.

2  <u>REMOVAL JURISDICTION</u>

3      3.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.

4  section 1332 subdivision (a)(1), and is one that may be removed to this Court by State Farm

5  pursuant to the provisions of 28 U.S.C. section 1441, subdivisions (a) and (b), in that it is a civil

6  action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and

7  costs, and is between citizens of different states.  This is a civil action between individual residents

8  of the State of California (Plaintiffs) and a corporation (Defendant), organized and existing under

9  the laws of the State of Illinois, whose officers, directors and principal place of business are located

10  in Bloomington, Illinois.  In addition, the amount in controversy is believed to exceed the sum of

11  Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, because the

12  Complaint seeks damages, if successful, of at least One Hundred Thousand Dollars ($100,000), plus

13  special damages, punitive damages and attorneys' fees.

14  <u>**AMOUNT IN CONTROVERSY**</u>

15      4.  The fact that the amount in controversy exceeds the minimum requirement for diversity

16  jurisdiction can be determined by the nature and extent of damages alleged in the Complaint.

17  Plaintiffs allege that they were insured under an automobile insurance policy issued by State Farm

18  with underinsured motorist (hereinafter "UIM") limits of $100,000 and medical payment benefits of

19  $100,000 per person.  (Complaint, ¶¶6 and 10.)  Plaintiffs further allege that they "suffered property

20  damage and began to experience severe personal injuries, including psychological injuries," in a

21  motor vehicle accident with an underinsured motorist on February 12, 2001.  (Complaint, ¶ 12.)

22      5.  The allegations arise from a first-party claim for underinsured motorist coverage

23  presented to Defendant by its insureds, Plaintiffs.  Plaintiffs allege in their Complaint as to

24  Defendant as follows:

25      a.      First Cause of Action:  Breach of Contract; and

26      b.      Second Cause of Action:  Breach of the Duty of Good Faith and Fair Dealing.

27      The prayer for relief in the Complaint does not specify the amount of damages sought.

28  However, paragraph 12 of the Complaint references UIM policy limits of $100,000 and medical

135522                                          -2-

1  payment benefits of $100,000 per person.  Paragraphs 6 and 10 of the Complaint allege that

2  Plaintiffs "suffered property damage and began to experience severe personal injuries, including

3  psychological injuries," in a motor vehicle accident with an underinsured motorist on February 12,

4  2001.  In addition, the prayer for relief seeks the following damages, which demonstrate, by a

5  preponderance of the evidence, that the amount in controversy is in excess of $75,000.00:

6          (i)      General damages as to the First and Second Causes of Action;

7          (ii)     Punitive damages as to the Second Cause of Action;

8          (iii)    Attorneys' fees;

9          (iv)    Special damages in an amount according to proof; and

10          (v)     For such other and further relief as the Court deems just and proper.

11  **CITIZENSHIP**

12     6.  State Farm is now, and was at the time the State Court Action was filed, a corporation

13  organized and existing under the laws of the State of Illinois, and has had and continues to have its

14  principal place of business in Bloomington, Illinois.

15     7.  Plaintiffs are, and were at the time the State Court Action was filed, citizens and

16  residents of the State of California.  (Complaint, ¶1.)

17     8.  Citizenship of the remaining defendants, all of whom have been sued under fictitious

18  names, should be disregarded pursuant to 28 U.S.C. §1441(a).

19  **VENUE**

20     9.  The United States District Court for the Northern District of California is a proper venue

21  because Plaintiffs are now, and were at the time that the State Court Action was filed, individuals

22  residing in the State of California.  The State Court Action was filed in Napa County, California,

23  which is within the Northern District of California.

24     10.  State Farm initially responded to the complaint in the Superior Court of California for

25  the County of Napa by way of answer filed on July 30, 2007.  (Attached hereto as **Exhibit "2"** is a

26  true and correct copy of State Farm's Answer.)

27  / / /

28  / / /

135522

STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 [DIVERSITY]
Case No.

## TIMELINESS OF REMOVAL

11. Defendant disputes the validity of service of the Complaint, which was mailed to State Farm in Bloomington, Illinois. (A true and correct copy of a cover letter dated June 21, 2007 is attached hereto as **Exhibit "3."**.) Defendant disputes the validity of service. Since valid service has not been effected, removal is timely. Even assuming *arguendo* that service was proper, service by mail on a defendant outside the state is deemed complete on the tenth day after mailing, *i.e.,* July 1, 2007. (*Fed.R.Civ.Proc.* 4(e)(1), 4(h)(1); *Cal. Code.Civ. Proc.* §415.40.) Defendant has filed this Notice of Removal within thirty days after the date on which service, if valid, would be deemed complete. Thus, removal is timely.

12. Attached hereto as **Exhibit "4"** is a true and correct copy of Defendant's Notice to Adverse Party of Removal to Federal Court without its Exhibit A, which is this Notice of Removal.

13. Exhibits, 1, 2, 3 and 4 represent all processes, pleadings, orders and records served upon Defendant or filed by Defendant in the State Court Action.

14. The Notice to Adverse Party of Removal to Federal Court is being filed in the Superior Court of the State of California, County of Napa and is being served upon Plaintiff concurrently herewith.

WHEREFORE, Defendant prays that this action be removed from the Superior Court of the State of California for the County of Napa to the United States District Court in and for the Northern District of California, reserving all jurisdictional issues and affirmative defenses.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

135522

-4-

1

### DEMAND FOR JURY TRIAL

2   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby demands a

3   trial by jury.

4

Dated:  July 30, 2007

5                                              HAYES DAVIS BONINO ELLINGSON
                                               MCLAY & SCOTT, LLP
6

7

8                                              By _____
9                                                 STEPHEN M. HAYES
                                                  STEPHEN P. ELLINGSON
10                                                MELISSA A. WURSTER
                                               Attorneys for Defendant
11                                             STATE FARM MUTUAL AUTOMOBILE
                                               INSURANCE COMPANY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

135522

STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 |DIVERSITY|
Case No.

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
a Corporation, and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**CHARLEEN WIGNALL, CHARLES WIGNALL and
EDWARD EWING,**

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* **26-36569** |
|---|---|

**Superior Court of California-Unlimited Jurisdiction
County of Napa
825 Brown Street, Napa, CA 94559**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**Lawrence Mann, Esq.    SBN 83698        Tel.: 415-552-7707
LAW OFFICES OF LAWRENCE MANN
259 Oak St., San Francisco, CA 94102**

| DATE:<br>*(Fecha)* | Clerk, by _____ , Deputy<br>*(Secretario)*                              *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **State Farm Mutual Automobile Insurance Company**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

1   Lawrence Mann, Esq., State Bar No. 83698
    LAW OFFICES OF LAWRENCE MANN
2   259 Oak Street
    San Francisco, California  94102
3   Telephone:   (415) 552-7707
    Facsimile:   (415) 552-7743
4

5   Attorney for Plaintiffs

6

7                 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        IN AND FOR THE COUNTY OF NAPA

9                           UNLIMITED CIVIL JURISDICTION

10

11  CHARLEEN WIGNALL, CHARLES EWING    )   Case No. 26-36569
    and EDWARD EWING,                   )
12                                      )   **(UNDER-INSURED MOTORIST)**
                                        )
13            Plaintiffs,               )   **COMPLAINT FOR BREACH OF**
                                        )   **CONTRACT, BREACH OF THE**
14       v.                             )   **COVENANT OF GOOD FAITH AND**
                                        )   **FAIR DEALING**
15                                      )
    STATE FARM MUTUAL AUTOMOBILE        )
16  INSURANCE COMPANY, a Corporation,   )
    and DOES 1 – 50,                    )
17                                      )   **REQUEST FOR JURY TRIAL**
              Defendants.               )
18  _____)

19

20  Plaintiffs hereby request a jury trial on all issues in this action.

21        1.      Plaintiffs CHARLEEN WIGNALL, CHARLES EWING and EDWARD

22  EWING are and at all relevant times were residents of the State of California.

23        2.      Plaintiffs allege that defendant STATE FARM MUTUAL AUTOMOBILE

24  INSURANCE COMPANY at all times herein mentioned was a corporation duly organized

25  and existing under and by virtue of the laws of the State of California and authorized to

26  transact and transacting the business of insurance in the State of California, and was and

27  is doing business in San Francisco, California.

28

                                        1

3.    Plaintiffs allege that defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 31 through 50, only, are a publicly owned corporation duly organized and existing under and by virtue of the laws of the State of California and authorized to transact and transacting the business of insurance in the State of California, and was and is doing business in San Francisco, California.

4.    The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe and on such information and belief allege that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiffs.

5.    At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

6.    At all times relevant, the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY automobile insurance policies here in issue were entered into between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and individuals within the State of California.  The policies in question and/or California State law required payment of benefits to Plaintiffs injured by underinsured motorists with automobile liability claims under said policy within the jurisdiction of the above-entitled court for a total amount to be shown at the time of trial.

7.    The insureds, by or through their agents or co-insureds, here in issue paid all premiums due to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY at all relevant times and have performed all obligations required of them.

8.    The policies, sold to policyholders by STATE FARM MUTUAL

Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Request for Jury Trial

AUTOMOBILE INSURANCE COMPANY, and each of them, contained implied covenants of good faith and fair dealing requiring STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to treat all such policyholders fairly and reasonably in the investigation, evaluation and payment of benefits under said policies.

FIRST CAUSE OF ACTION

(Breach of Contract against Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 - 30)

As and for a FIRST CAUSE OF ACTION, Plaintiffs complain against defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 – 30 and allege:

9.    Plaintiffs incorporate by reference each and every paragraph of the complaint as though set forth in full in this cause of action.

10.   For many years Plaintiffs and/or their co-insured mother, Francesca Wignall, have been STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY automobile insurance insureds.  Plaintiffs and/or their co-insured mother, Francesca Wignall, obtained an automobile insurance policy from STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Policy No.: 0109-161-05A (hereinafter "the POLICY"), the essential terms, and/or by operation of law, of which provided that on the occurrence of a motor vehicle accident involving the insured's automobile, that Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1-30 would provide underinsured motorist benefits of $100,000.00 and medical payment benefits of $100,000.00 per person.  Plaintiffs CHARLEEN WIGNALL, CHARLES EWING and EDWARD EWING are additional unnamed insureds and/or third party beneficiaries under said POLICY because of their suffering injuries in the motor vehicle insured under said POLICY, which injuries were caused by an underinsured motorist.

11.   Throughout the period of said POLICY and thereafter, Plaintiffs performed each act required on their part to keep the POLICY in full force and effect and obtain the benefits of said POLICY.  Plaintiffs intended and expected thereby to be assured of peace of mind and financial and economic security, in the event that they had a motor vehicle accident with an underinsured motorist.

3

12.  On February 12, 2001, Plaintiffs were in a motor vehicle crash with an underinsured motorist, suffered property damage and began to experience severe personal injuries, including psychological injuries.  Plaintiffs sought medical care from various medical doctors, chiropractors and physical therapists.  On February 12, 2001 and thereafter, Plaintiffs applied for benefits under the POLICY, including compensation for their damaged vehicle and payment of their medical expenses.

13.  On February 12, 2001 and thereafter, defendants, and each of them, purported that they were conducting an investigation concerning payment of policy benefits.

14.  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY instituted its unfair claims handling standards deliberately developed to increase profits by reducing claims payments.

15.  Pursuant to this plan defendants wrote to Plaintiffs informing them that their claim for automobile insurance benefits was being investigated.

16.  Notwithstanding its obligation to do so, defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 through 20 have failed and refused, and continue to fail and refuse, to pay Plaintiffs the full benefits to which they are entitled under the POLICY, including underinsured motorist and/or medical payment benefits.  Said failures and refusals constitute a material breach of the POLICY.

17.  As a direct and proximate result of said breach, Plaintiffs have been injured and damaged in an amount according to proof.

WHEREFORE, Plaintiffs pray judgment against defendant, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing
Against Defendants STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and DOES 1 - 30)

As and for a SECOND CAUSE OF ACTION, Plaintiffs complain against defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 – 30 and allege:

4

18.     Plaintiffs incorporate by reference each and every paragraph of the complaint as though set forth in this cause of action.

19.     At all times herein relevant, said defendants agreed to act in good faith and deal fairly with Plaintiffs when it entered into the POLICY and accepted premiums from Plaintiffs and/or their co-insured mother.  Said defendants thereby assumed a special relationship with, and fiduciary-like obligations to, Plaintiffs and agreed to abide by its said duties.  Nevertheless, said defendants refused and failed to act in good faith and deal fairly with Plaintiffs, and breached said obligations, as is set forth more particularly below.

20.     In the absence of a reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, said defendants have failed and refused to pay Plaintiffs the full benefits owed them under the POLICY and the laws of California.

21.     Said defendants engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their contractual and fiduciary obligations to Plaintiffs including, but not limited to:

     a.  Misrepresentation of pertinent provisions and coverages of the POLICY at issue;

     b.  Unreasonable, biased and improper investigation of Plaintiffs' claim;

     c.  Wrongful withholding of benefits owing to Plaintiffs, including but not limited to improper set-off of medical payment benefits against underinsured motorist benefits, delay of underinsured motorist and/or medical payment benefits, and payment of medical payment benefits;

     d.  Failing to place the financial interests of Plaintiffs on an equal par with their own financial interests;

     e.  Forcing Plaintiffs to institute litigation to recover the amounts due them under the insurance POLICY;

     f.  Misrepresenting to Plaintiffs that its delays in payment and/or amount of payment was proper;

     g.  Other wrongful and illegal conduct according to proof at trial.

22.    Defendants' actions were part of a pattern and practice of delaying payment, denying and terminating underinsured motorist and/or medical payment benefits claims on specious bases in order to reduce overall reserves and improve the company's financial condition.

23.    Defendants continue to engage in the aforementioned acts, and said conduct and lack of good faith constitutes a continuing tort and continuing bad faith to Plaintiffs, causing Plaintiffs continuing damage as described herein beyond the date of the filing of this action.

24.    As a direct and proximate result of the aforementioned conduct of defendants, Plaintiffs have been damaged in an amount according to proof, said amount being the amount of the unpaid claim and continuing hereinafter until paid.

25.    As a further, direct and proximate result of the aforementioned conduct of defendants, Plaintiffs have suffered mental and emotional distress including, but not limited to, fear, aggravation, depression, and anxiety and have thereby incurred general damages in a sum in excess of the jurisdiction of this Court to be determined according to proof at time of trial.

26.    As a further, direct and proximate result of the aforementioned conduct of defendants, Plaintiffs have been obliged to expend or incur liability for costs of suit, attorney's fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

27.    As a further, direct and proximate result of the aforementioned conduct of defendants, Plaintiffs have suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, the lack of availability of said sums to them.

28.    The conduct of defendants as described above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of Plaintiffs, and with the intent to annoy, harass or injure Plaintiffs such that Plaintiffs are entitled to a recovery of exemplary damages.

1    WHEREFORE, Plaintiffs pray judgment against defendant, as hereinafter set forth.

2                        PRAYER FOR RELIEF

3              AS TO THE FIRST AND SECOND CAUSES OF ACTION

4    WHEREFORE, Plaintiffs pray for relief as follows:

5         29.    General damages for failure to provide benefits under the subject contract of

6    insurance and/or California law in a sum to be determined at the time of trial;

7         30.    General damages for mental and emotional distress and other incidental

8    damages in a sum to be determined at the time of trial;

9         31.    Punitive and exemplary damages, for the second cause of action, only;

10        32.    For costs of suit herein incurred;

11        33.    For reasonable attorney's fees;

12        34.    Special damages in an amount according to proof;

13        35.    For such other and further relief as the Court deems just and proper.

14   Dated:  January 30, 2007              LAW OFFICES OF LAWRENCE MANN

15

16                                          BY: _____
                                               Lawrence Mann, Esq.
17                                             Attorney for Plaintiffs

18

19                            REQUEST FOR JURY TRIAL

20      Plaintiffs CHARLEEN WIGNALL, CHARLES EWING and EDWARD EWING

21   herewith request a trial by jury on all issues in this action.

22   Dated:  January 30, 2007              LAW OFFICES OF LAWRENCE MANN

23

24                                          BY: _____
                                               Lawrence Mann, Esq.
25   C:\PI\Wignall\Complaint Against State Farm-001    Attorney for Plaintiffs

26

27

28

Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Request for Jury Trial

# EXHIBIT 2

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  MELISSA A. WURSTER (SBN 198899)
   HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone: 650.637-9100
   Facsimile: 650.637-8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              COUNTY OF NAPA – UNLIMITED JURISDICTION
10 CHARLEEN WIGNALL, CHARLES EWING          CASE NO. 26-36569
   and EDWARD EWING,
11
                Plaintiff,                  **STATE FARM MUTUAL AUTOMOBILE**
12                                          **INSURANCE COMPANY'S ANSWER TO**
        v.                                  **PLAINTIFF'S COMPLAINT**
13
14 STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY; and DOES 1
15 through 50,
16              Defendants.
17

18        Defendant State Farm Mutual Automobile Insurance Company, in answer to the unverified

19 Complaint of plaintiffs herein, denies each and every, all and singular, the allegations of the

20 unverified Complaint, and in this connection defendant denies that plaintiffs have been injured or

21 damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any

22 act or omission of this answering defendant.

23        AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

24 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

25 answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of

26 action against this answering defendant.

27 / / /

28

   142618                           -1-

1　　　　AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

2　ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

3　this answering defendant alleges that at all times and places mentioned in the Complaint herein,

4　plaintiffs failed to mitigate the amount of their damages. The damages claimed by plaintiffs could

5　have been mitigated by due diligence on their part or by one acting under similar circumstances.

6　Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

7　　　　AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

8　FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

9　answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly or

10　in part caused by plaintiffs or persons, firms, corporations or entities other than this answering

11　defendant, and whose acts or omissions are imputed to plaintiffs as a matter of law.

12　　　　AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

13　ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

14　this answering defendant alleges it has paid any and all amounts owed under the contract alleged in

15　the complaint, and that defendant is entitled offset or credit said payments against plaintiffs' claim

16　for breach of contract, which bars plaintiffs' cause of action for breach of contract.

17　　　　AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

18　FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

19　answering defendant alleges on information and belief that plaintiffs cannot assert any of the

20　contractual claims contained in their Complaint because plaintiff materially breached said contract.

21　　　　AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

22　FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

23　answering defendant alleges on information and belief that the sole and proximate cause of the

24　circumstances and events complained of by plaintiffs in the Complaint was due to the acts or

25　omissions of persons and entities other than this answering defendant.

26　　　　AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

27　ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

28　this answering defendant alleges that said complaint fails to state facts sufficient to constitute a

1   claim for exemplary or punitive damages pursuant to §3294 of the Civil Code.

2   AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

3   ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

4   this answering defendant alleges that plaintiffs'' Complaint, to the extent that it seeks exemplary or

5   punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to procedural due

6   process under the Fourteenth Amendment of the United States Constitution, and the Constitution of

7   the State of California, and therefore fails to state a cause of action upon which either punitive or

8   exemplary damages can be awarded.

9   AS AN NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

10  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

11  this answering defendant alleges that plaintiffs' Complaint, to the extent that it seeks punitive or

12  exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection

13  from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

14  Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to

15  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

16  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

17  action supporting the punitive or exemplary damages claimed.

18  AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

19  FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

20  answering defendant alleges that Plaintiff has waived and is estopped and barred from alleging the

21  matters set forth in the Complaint.

22  AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

23  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

24  CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned

25  in the Complaint herein, Plaintiff is barred from relief because, as between Plaintiff and State Farm,

26  the preponderance of the equities favor State Farm.

27  / / /

28  / //

135522                          -3-

1    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

2  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

3  this answering defendant alleges that at all times and placed mentioned in the Complaint herein,

4  Plaintiff failed to perform certain conditions precedent that were imposed upon the Plaintiff by

5  Plaintiff's insurance contract with State Farm.  The non-performance of these conditions excused

6  State Farm's obligations under the contract.

7    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

8  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

9  CONTAINED THEREIN, this answering defendant alleges Plaintiff is barred by virtue of her

10 conduct in causing the damages alleged in the complaint under the Doctrine of Unclean Hands, as

11 well as by the principle of *In Pari Delicto*.

12    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

13 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

14 CONTAINED THEREIN, this answering defendant alleges on information and belief that Plaintiff

15 cannot assert any contractual claims set forth in her Complaint because Plaintiff prevented

16 performance of said contract.

17    WHEREFORE, this answering defendant prays for judgment as follows:

18       1.  That plaintiffs take nothing by way of the Complaint;

19       2.  For costs of suit incurred herein; and

20       3.  For such other and further relief as the Court deems just and proper.

21 Dated: July 30, 2007              HAYES DAVIS BONINO ELLINGSON
22                                   McLAY & SCOTT, LLP

23

24                        By _____
                             STEPHEN M. HAYES
25                           STEPHEN P. ELLINGSON
                             MELISSA A. WURSTER
26                           Attorneys for Defendant
                             STATE FARM MUTUAL AUTOMOBILE
27                           INSURANCE COMPANY

28

135522                            -4-

STATE FARM'S ANSWER TO PLAINTIFF'S COMPLAINT - Case No. 26-36569

# EXHIBIT 3

LAW OFFICES OF

# LAWRENCE MANN
259 OAK STREET
SAN FRANCISCO, CALIFORNIA 94102-5807
(415) 552-7707

*A̶G̶L̶*

E B R., Jr.
JUN 2 7 2007

June 21, 2007

Mr. Edward B. Rust                          **BY CERTIFIED MAIL/**
President and CEO                           **RETURN RECEIPT REQUESTED**
State Farm Mutual
Automobile Insurance Company
One State Farm Plaza
Bloomington, IL  61710

Wayne Collins, Esq.                         **BY REGULAR U.S. MAIL**
LAW OFFICE OF TOSCHI,                       (w/o enclosures)
SIDRAN, COLLINS & DOYLE
100 Webster Street, Suite 300
Oakland, CA 94607

      Re:  **Charleen Wignall, et al. v. State Farm Mutual Auto.**
      Insureds:      **Francesca Wignall/Dr. Charleen Wignall,**
                     **Charles Ewing and Edward Ewing**
      Claim Number:  **05-4592-180**
      Date of Loss:  **February 12, 2001**

Dear Messrs. Rust and Collins:

    Enclosed please find a Summons and a Complaint for damages
against State Farm Mutual Automobile Insurance Company.  Under
California law, State Farm Mutual Automobile Insurance Company
herewith has been served with process.  State Farm does not have
to file a responsive pleading at this time because the case is an
underinsured motorist case and an arbitration must occur first.

                Very truly yours,

                LAW OFFICES OF LAWRENCE MANN

                *Mary Cabezas*

                Mary Cabezas
                Assistant to Lawrence Mann

Enclosures

c:\pi\Wignall\State Farm-006

# EXHIBIT 4

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  MELISSA A. WURSTER (SBN 198899)
   **HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone: 650.637-9100
   Facsimile: 650.637-8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9            COUNTY OF NAPA – UNLIMITED JURISDICTION

10 CHARLEEN WIGNALL, CHARLES EWING      CASE NO. 26-36569
   and EDWARD EWING,
11                                      **STATE FARM MUTUAL AUTOMOBILE
                  Plaintiff,            INSURANCE COMPANY'S NOTICE TO**
12                                      **ADVERSE PARTIES OF REMOVAL TO**
                                        **FEDERAL COURT**
13      v.

14 STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY; and DOES 1
15 through 50,

16                  Defendants.

17

18 TO THE SUPERIOR COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:

19      PLEASE TAKE NOTICE that on July 30, 2007, defendant STATE FARM MUTUAL

20 AUTOMOBILE INSURANCE COMPANY filed its Notice of Removal of action under 28 U.S.C.

21 §§ 1332 and 1441 *et seq.* (Diversity) with the United States District Court for the Northern District

22 of California (San Francisco/Oakland Division).

23      PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1447,

24 subdivision (b), the filing of this Notice of Removal and Demand for Jury Trial, together with this

25 notice, effects the removal of the Complaint, and the above-captioned Court is requested to

26 proceed no further unless and until the case is remanded.

27 / / /

28 / / /

142664                          -1-

1    Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the Notice of

2    Removal of the civil action to the United States District Court, Northern District of California.

3

Dated: July 30, 2007                          HAYES DAVIS BONINO ELLINGSON

4                                              MCLAY & SCOTT, LLP

5

6

7                                              By_____

8                                                 STEPHEN M. HAYES
                                                  STEPHEN P. ELLINGSON
9                                                 MELISSA A. WURSTER
                                               Attorneys for Defendant
10                                             STATE FARM MUTUAL AUTOMOBILE
                                               INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

142664                              -2-

CASE NAME:    CHARLEEN WIGNALL, CHARLES EWING and EDWARD EWING,
Plaintiffs v. STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; and DOES 1 through 50, Defendants

CASE NO.:    Napa County Superior Court Case No. 26-36569

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood Shores, CA 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing documents described as:

### CIVIL COVER SHEET

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441 [DIVERSITY JURISDICTION]

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S CERTIFICATION OF INTERESTED PARTIES

☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

☒    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

| | |
|---|---|
| Lawrence Mann, Esq. | **Attorney for Plaintiffs** |
| LAW OFFICES OF LAWRENCE MANN | |
| 259 Oak Street | CHARLEEN WIGNALL, CHARLES EWING |
| San Francisco, CA 94102-5807 | and EDWARD EWING |
| Phone: (415) 552-7707 | |

☒    *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2007, at Redwood City, California.

_____
Christina Berzaman

143305

Proof of Service