STEPHEN M. HAYES (SBN 83583)
shayes@hayesdavis.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesdavis.com
MELISSA A. WURSTER (SBN 198899)
mwurster@hayesdavis.com
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT
203 Redwood Shores Parkway, Ste. 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

LAWRENCE A. MANN
larry_mann_2000@yahoo.com
BOURHIS & MANN
1050 Battery Street
San Francisco, CA 94111
Telephone: (415) 392-4000
Facsimile: (415) 421-0259

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLEEN WIGNALL, CHARLES EWING, and EDWARD EWING,<br><br>Plaintiff,<br><br>V.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | CASE NO.   C-07-3886 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. P. 26(f) REPORT**<br><br>Date:     Nov. 5, 2007<br>Time:    4:00 p.m.<br>Ctrm.:    15<br>Judge:   **Honorable Marilyn Hall Patel** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16-9 the parties to the above-entitled action respectfully submit their Joint Case Management Conference Statement and Rule 26(f) report.

## I.
## JURISDICTION

This Court has original jurisdiction over all plaintiff's claims under 28 U.S.C. §§1332 and 1441(a). Defendant has no counterclaims. The suit arises between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. All the

parties are subject to the court's jurisdiction and there are no parties that remain to be served.

## II.
## FACTS OF THE CASE

The Complaint filed by plaintiffs Charleen Wignall, Charles Ewing and Edward Ewing alleges two causes of action against State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract and breach of the covenant of good faith and fair dealing. State Farm Mutual Automobile Insurance Company ("State Farm") issued an automobile insurance policy, number 010 9161-B21-05A, to named insureds Francesca Wignall and Joleene Wignall ("the Policy.") The Policy included uninsured/underinsured motorists (UM/UIM) coverage up to $100,000.00 per person. The Policy also contained $100,000.00 in medical payment coverage (MPC).

On February 12, 2001, plaintiffs were involved in an automobile accident wherein they were alleged to have suffered property damage and sustained serious personal injuries, including psychological damage. Plaintiffs allege that the adverse driver was underinsured, and plaintiffs claim that they are entitled to underinsured motorist benefits and medical payments under the State Farm policy. State Farm disputes plaintiffs' right to payment.

Plaintiffs acknowledge that the State Farm policy requires them to engage in arbitration to resolve this dispute. The parties intend to file a stipulation and proposed order to stay this action pending completion of the arbitration.

## III.
## PRINCIPAL LEGAL AND FACTUAL ISSUES

A.   **Disputed Legal Issues**

   1. Whether State Farm reasonably investigated plaintiff's UIM claim;

   2. Whether State Farm reasonably evaluated plaintiff's UIM claim;

   3. Whether resolution of plaintiff's claim was unreasonably delayed.

B.   **Disputed Factual Issues**

   1. Whether State Farm breached the implied covenant of good faith and fair dealing;

   2. Whether State Farm engaged in malice, fraud or oppression as required to support

a claim for punitive damages.

## IV.
## NARROWING OF ISSUES

The parties anticipate the ability to stipulate to the policy terms and basic facts of the underlying claim.

## V.
## MOTIONS

State Farm anticipates filing a motion for summary judgment or a motion for summary adjudication of issues.

## VI.
## DISCOVERY

The parties anticipate propounding written discovery within limits proscribed by the Federal Rules of Civil Procedure including Interrogatories, Document Requests, and Requests for Admission, as well as deposition discovery.

A. **Rule 26 (a) (1) Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1) the parties have stipulated that they will exchange initial disclosures on or before October 29, 2007.

B. **Plaintiff's Anticipated Discovery**

    **1. Written Discovery**
        a. Interrogatory Requests

        a. Request for Admissions

    **2. Production of Documents**

    **3. Depositions**

C. **State Farm's Anticipated Discovery**

    **1. Written Discovery**
        a. Contention Interrogatories
        b. Demand for the production of appropriate documents
        c. Subpoena a copy of the tortfeasor's (adverse driver's) claim file

**2. Depositions**
   a. Deposition of each plaintiff
   b. Deposition of plaintiff's counsel in underlying action.

**D. Changes to Discovery Limitations**

The parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of the District Court. The parties do not anticipate the need to bifurcate the idea of phasing or bifurcation of discovery.

## VII.
## CONFIDENTIALITY

State Farm anticipates the need for a protective order related to certain document discovery regarding claim policy and procedures as outline above. The parties do not anticipate the need to file any documents under seal.

## VIII.
## RELIEF

Plaintiff prays for compensatory damages for alleged breach of contract, including Attorney's fees and costs proceeding to Arbitration. Plaintiff also prays for general and compensatory damages, costs of suit and punitive damages.

State Farm takes the position plaintiff is entitled to no such relief.

## IX.
## ADR

The parties agree to submit this matter to Early Neutral Evaluation.

## X.
## SETTLEMENT

The parties have not had substantive settlement discussions since the filing of the Complaint.

/ / /

/ / /

149287
- 4 -
**JOINT REPORT OF RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - CASE NO. C07-3886 MHP**

## XI.
## MAGISTRATE JUDGE TRIALS

The parties do not consent for this matter to be heard by a Magistrate Judge.

## XII.
## TRIAL

The parties request that this case be tried by a jury. State Farm will move to bifurcate the issue of punitive damages at trial. The parties anticipate the length of trial to be 8-10 days. The parties will explore the potential to reduce the length of trial, by stipulation, use of summaries or statements, or other expedited means of presenting evidence.

## XIII.
## RELATED ACTIONS

There are no related cases pending in this Court.

## XIV.
## CLASS ACTION

This case is not a class action thus there is no class for certification

## XV.
## SCHEDULING

The parties intend to submit a stipulation and proposed order to the stay the action pending completion of uninsured motorist arbitration under the policy. The parties respectfully submit that the Court should refrain from issuing a scheduling order at this time. The parties respectfully request that the Court set this matter for a further status conference on or about March 3, 2008.

If the Court is inclined to issue a scheduling order at this time, the parties respectfully request the following Case Management Schedule:

1. Deadline for completion of the ADR process:   February 29, 2008
2. Disclosure of experts:   December 3, 2009
3. Deadline to complete non-expert discovery:   December 10, 2009
4. Deadline to complete expert discovery:   January 15, 2010
5. Deadline for hearing dispositive motions:   March 8, 2010
6. Pretrial Conference:   April 23, 2010
7. Trial:   May 10, 2010

## XVI.
## ADDITIONAL MATTERS

To obviate the need for filing a motion, the parties intend to submit a stipulation and proposed order to the stay the action pending completion of uninsured motorist arbitration under the policy.

## XVII.
## DISQUALIFICATION OR RECUSAL

The parties are not currently aware of any other entities that require disclosure to the Court other than the parties themselves which are known to have either: 1) a financial interest in the subject matter at issue or in a party to the proceeding; or 2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: October 26, 2007   HAYES DAVIS BONINO ELLINGSON
                          McLAY & SCOTT


                          By      //S//
                             STEPHEN M. HAYES
                             STEPHEN P. ELLINGSON
                             MELISSA A. WURSTER
                             Attorneys for Defendant
                             STATE FARM MUTUAL AUTOMOBILE
                             INSURANCE COMPANY

Dated: October 26, 2007   BOURHIS & MANN


                          By      //S//
                             LAWRENCE A. MANN
                             Attorneys for Plaintiffs
                             CHARLEEN WIGNALL, CHARLES EWING
                             and EDWARD EWING